Fred Lee **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–96–00415–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 7, 1997.

Peter G. Heckler, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

Appellant, Fred Lee Williams, pled guilty to indecency with a child. The trial court imposed a sentence of five-years confinement, consistent with the State's recommendation. Appellant claims his plea was involuntary and he received ineffective assistance of counsel. We address whether these contentions are properly before us to review, as well as the merits of appellant's involuntary plea claim. We affirm.

### Ineffective Assistance of Counsel

In his second point of error, appellant contends he was denied effective assistance of counsel. Appellant argues trial counsel was ineffective because: (1) he did not recognize appellant at the motion for new trial hearing; (2) he failed to adequately counsel about the probation issues; (3) he met with appellant in a crowded cell preventing privacy; and (4) he failed to interview outside witnesses.

In an appeal from a plea-bargained conviction, a defendant's general notice of appeal confers no jurisdiction on a court of appeals to address nonjurisdictional defects. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.1994). Ineffective assistance of counsel is a nonjurisdictional defect. *Id.* Appellant gave a general notice of appeal. Therefore, we have no jurisdiction to address appellant's ineffective assistance of counsel complaint. We overrule appellant's second point of error.

### Voluntariness of Plea

In his first point of error, appellant contends his guilty plea was not voluntary. Appellant contends he did not understand the consequences of pleading guilty. He also argues his plea was rendered involuntary by trial counsel's: (1) lack of specific recollection of appellant's plea; (2) inability to recognize appellant at the hearing on appellant's motion for new trial; and (3) failure to address appellant's probations in other counties.

This Court has previously held that we may address involuntariness of a guilty plea despite a general notice of appeal from a conviction pursuant to a plea bargain. *Forcha v. State*, 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.). The Court of Criminal Appeals has more recently held voluntariness of the plea may be raised by one who has been sentenced in accord with a plea bargain agreement despite a general notice of appeal. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996). Therefore, we address appellant's involuntariness contention.

When the record shows the trial court properly admonished the defendant, there is a *prima facie* showing that the plea was knowing and voluntary. *Smith v. State*, 857 S.W.2d 71, 73 (Tex.App.—Dallas 1993, pet. ref'd). The burden then shifts to the defendant to show he did not understand the consequences of his plea. *Miller v. State*, 879 S.W.2d 336, 338 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). This Court has

stated that a defendant's attestation of voluntariness at the original plea hearing imposes a heavy burden on the defendant to later show a lack of voluntariness. *Thornton v. State,* 734 S.W.2d 112, 113 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd).

■ Appellant does not contend the trial court improperly admonished him, and the record shows appellant was properly admonished. The burden then shifts to appellant to show he did not understand the consequences of pleading guilty. All he presented was his own testimony that he did not understand the ramifications, particularly that he would be revoked for his out-of-county probations on the basis of this conviction. As appellant concedes, his trial counsel rebutted each of appellant's allegations so as to create fact issues for the trial court. The trial court obviously resolved those fact issues against appellant. Specifically, trial counsel testified that he counselled with appellant extensively concerning the out-of-county probations.

As for appellant's claims that his plea was involuntary because trial counsel did not recognize appellant or specifically recall appellant's plea proceeding, we see no logical connection between the voluntariness of a plea and trial counsel's memory of it or the accused at a later date. We do note trial counsel secured a plea bargain for appellant in which a second pending charge for felony theft was dismissed.

Accordingly, we hold appellant has not met his heavy burden of demonstrating that his plea of guilty was involuntary. We overrule appellant's first point of error.

### Conclusion

We affirm the trial court's judgment.

TAFT, J., also concurring.

TAFT, Justice, concurring.

This Court is ordinarily inclined to follow its previous decisions, and we are bound to follow those of the Court of Criminal Appeals. Thus, I concur in the majority opinion. Nevertheless, having been convinced that these decisions are not sound, I write to urge the Court of Criminal Appeals to reconsider its decision in *Flowers v. State,* 935 S.W.2d 131 (Tex.Crim.App.1996).

### A. *Forcha v. State*

Before the Court of Criminal Appeals decided *Flowers,* this Court had held that we may address involuntariness of a guilty plea despite a general notice of appeal from a conviction pursuant to a plea bargain. *Forcha v. State,* 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.). In *Forcha,* we acknowledged that, read literally, opinions in *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994) and *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim.App.1994) would preclude review of an involuntary plea as a nonjurisdictional defect. *Forcha,* 894 S.W.2d at 509. Nevertheless, concluding the inability to ever appeal involuntary pleas was an unintended and unjust result, this Court reviewed the voluntariness of the plea. *Id.* We reasoned that the *Davis* court viewed involuntariness of the plea as different from other nonjurisdictional defects because it appeared the court would have reached the issue if it had been preserved for appeal. *Forcha,* 894 S.W.2d at 509.

Our decision in *Forcha* has been thoroughly criticized in *Fontenot v. State,* 932 S.W.2d 185 (Tex.App.—Fort Worth 1996, no writ). *Fontenot* quoted at length from *Forcha* and contrasted our having set out our reasoning with the lack of a stated rationale in *Miller v. State,* 879 S.W.2d 336 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (also holding voluntariness may be challenged despite a general notice of appeal). *Fontenot,* 932 S.W.2d at 192–93. In *Fontenot,* the court believed both the First and Fourteenth Courts of Appeal had wrongly decided the issue. *Id.* at 192. The court pointed out that our premise that an involuntary plea is virtually unreviewable did not consider review by motion for new trial. *Id.* at 193. It also reasoned that a trial court's acceptance of an involuntary plea is not so different from the acceptance of a plea unsupported by sufficient evidence as to call for different treatment. *Id.* at 193–94. Finally, the court refused to speculate about whether the Court of Criminal Appeals would have reached the merits of a nonjurisdictional defect had it been preserved for review. *Id.* at 194. Ultimately, the Second Court of Appeals yielded

to the strict interpretations of *Davis* and *Lyon* in its role as an intermediate court regardless of its agreement or disagreement with those cases.

### B. *Flowers v. State*

The Court of Criminal Appeals has more recently held voluntariness of the plea may be raised by one who had been sentenced in accord with a plea bargain agreement despite a general notice of appeal. *Flowers,* 935 S.W.2d at 134. The court relied on three cases that had held conditional pleas involuntary when the condition could not be satisfied. *Id.* (citing *Fuentes v. State,* 688 S.W.2d 542 (Tex.Crim.App.1985), *Mooney v. State,* 615 S.W.2d 776 (Tex.Crim.App.1981), and *Wooten v. State,* 612 S.W.2d 561 (Tex.Crim. App.1981)). All three of these cases involved situations where the defendant was assured that he could appeal a pretrial motion ruling that the appellate court determined he could not. *Fuentes,* 688 S.W.2d at 545; *Mooney,* 615 S.W.2d at 778; *Wooten,* 612 S.W.2d at 564. These cases were properly reversed and remanded, but it was unnecessary to hold that the pleas were involuntary. *See Santobello v. New York,* 404 U.S. 257, 263–64, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) (failure of prosecution to keep promise requires either specific performance or permission to withdraw plea). The pleas in *Fuentes, Mooney,* and *Wooten* were not involuntary pleas in the sense in which appellant challenges his plea in this case. They were merely held to be "rendered involuntary" by the inability, or unwillingness, of the appellate court to give specific performance of the condition upon which the pleas were based. Therefore, the foundation for the holding in *Flowers* is unfirm.

A review of the purpose of the former *proviso* to article 44.02 of the Code of Criminal Procedure is helpful to understanding the scope of appellate review of pleas entered pursuant to plea bargain agreements. Addition of the *proviso* in 1977 was in response to a rising concern about the large number of appeals from pleas of guilty despite the defendant having agreed to his punishment. *See Morgan v. State,* 688 S.W.2d 504, 513–14 (Tex.Crim.App.1985) (Onion, P.J., dissent-

ing). As originally written, the legislation called for eliminating such appeals entirely, unless the permission of the trial court was obtained. *Id.* at 514. A senate floor amendment added an exception giving a right to appeal matters raised by written motion filed prior to trial. *Id.* The amendment conserved precious judicial resources by encouraging guilty pleas in cases where the only contested issue was some matter raised in a pretrial motion. *See Morgan,* 688 S.W.2d at 507; *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Crim.App.1978).

Thus, the purpose of the *proviso* was to save judicial resources on two levels: (1) in the trial court by encouraging guilty pleas where the only issue was something other than the guilt of the accused; and (2) at the appellate court by limiting appeals of guilty pleas where the defendant had received the benefit of his bargain. The plain language of the *proviso* limited such appeals severely:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.*

Act of May 23, 1977, 65th Leg., R.S., ch. 351, sec. 1, 1977 Tex.Gen.Laws 940–41.

There is a good reason to severely limit the right of appeal from a conviction where a defendant is sentenced in accord with his plea bargain agreement. In this situation the defendant knows the result, contrary to the plea of guilty without an agreed recommendation. In the latter case, a defendant is often surprised to his dissatisfaction with the sentence assessed at which time he raises claims of involuntariness based on his having been misled as to the sentence expected. Furthermore, in those few cases where an agreed plea bargain is truly involuntary, the

trial court can remedy the problem by granting a motion for new trial.

The issue here may be only temporary. It appears to be the intent of the proposed new rules of appellate procedure to disregard *Flowers*, because the rule embodying the *proviso* omits voluntariness as a ground for appeal. In a statement accompanying the March 20, 1997 order approving the revisions to the Texas Rules of Appellate Procedure, Judges Baird and Overstreet express reservations based on the proposed rule overruling *Flowers*. In the event that the proposed new rule does not overrule *Flowers*, I respectfully urge the Court of Criminal Appeals to reconsider its decision in *Flowers*.