**Roger Joseph DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–98–00502–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1999.

Rehearing Overruled Dec. 9, 1999.

Paul J. Smith, Houston, for Appellant.

John H. Harrity, III, John F. Healey, Jr., Richmond, for State.

Panel consists of Justices MIRABAL, WILSON, and ANDELL.

## OPINION

ANDELL, Justice.

Appellant pleaded guilty to possession of cocaine. Pursuant to a plea agreement, the trial court assessed punishment at 15 years confinement. In issues one and two, appellant complains that his plea was involuntary, and the trial court erred by not hearing his motion for new trial. We affirm.

## Jurisdiction

■ Texas Rule of Appellate Procedure 25.2(b)(3), which became effective September 1, 1997, provides that a defendant who pleads guilty or nolo contendere pursuant to a plea agreement must provide notice to appeal the judgment. To appeal, a defendant is required to:

(1) specify that the appeal is for a jurisdictional defect;

(2) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(3) state that the trial court granted permission to appeal.

Tex.R.App. P. 25.2(b)(3) (formerly Rule 40(b)(1)).

In regard to former rule 40(b)(1), the Court of Criminal Appeals previously held that a knowing and voluntary plea is an implied prerequisite for application of the rule, and that compliance with the rule was not necessary to raise a voluntariness challenge on appeal. *Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App.1996). Although the Court of Criminal Appeals has not considered whether *Flowers* applies to rule 25.2(b)(3), 11 courts of appeals have considered the issue. Nine courts have permitted a voluntariness challenge, while two courts have refused. In *Long v. State,* 980 S.W.2d 878, 878 (Tex.App.—Fort Worth 1998, no pet.), and *Elizondo v. State,* 979 S.W.2d 823, 824–825 (Tex. App.—Waco 1998, no pet.), the Fort Worth and Waco courts determined that a defendant cannot appeal the voluntariness of a plea agreement without obtaining the trial court's permission first. Nine courts of appeals have held to the contrary and considered the merits of a voluntariness challenge despite a general notice of appeal. *Session v. State,* 978 S.W.2d 289, 291 (Tex. App.—Texarkana, no pet.); *Johnson v. State,* 978 S.W.2d 744, 745–46 (Tex.App.— Eastland, no pet.); *Vidaurri v. State,* 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998, pet. granted); *Moore v. State,* 4 S.W.3d 269, 271 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Luna v. State,* 985 S.W.2d

128, 129–130 (Tex.App.—San Antonio 1998, pet. ref'd); *Hernandez v. State,* 986 S.W.2d 817, 820 (Tex.App.—Austin 1999, pet. refused); *Price v. State,* 989 S.W.2d 435, 437–38 (Tex.App.—El Paso 1999, pet. refused); *Minix v. State,* 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. refused); and *Banks v. State,* No. 05–98–01539–CR, slip op. at 1, 1999 WL 323303 (Tex.App.—Dallas, May 24, 1999, no pet.). The Tyler and Corpus Christi courts have not decided whether voluntariness can be appealed with a general notice of appeal.

We believe the majority of the courts of appeals in this state have correctly permitted voluntariness challenges through general notices of appeal. The Court of Criminal Appeals has stated, "In delegating authority to this Court to promulgate a comprehensive body of appellate rules in criminal cases, the Legislature expressly provided that these rules could not abridge, enlarge or modify the substantive rights of a litigant." *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988). Therefore, we believe the omission of a provision permitting a voluntariness challenge in rule 25.2(b)(3) was not an attempt by the Court of Criminal Appeals to overrule *Flowers.* Furthermore, nowhere in the text of rule 25.2(b)(3) does it state that it intends to overrule *Flowers* in whole or part. Accordingly, we conclude that a defendant who files a general notice of appeal can appeal the voluntariness of a plea agreement without first obtaining the permission of the trial court. Thus, we conclude that we have jurisdiction to consider whether appellant's plea was entered voluntarily.

### Voluntariness of the Plea Agreement

■ Appellant complains that because he was improperly admonished as to the range of punishment, his plea was involuntary. Before accepting a defendant's guilty plea, the trial court is required to admonish a defendant of the range of punishment attached to the offense. Tex.Code Crim. P. Ann. art. 26.13(a)(1) (Vernon Supp. 1999). Substantial compliance with this requirement is sufficient unless an appellant affirmatively shows he was not aware of the consequences of his plea and he was misled or harmed by the court's admonishments. *See Hughes v. State,* 833 S.W.2d 137, 139–40 (Tex.Crim.App.1992). Substantial compliance exists when the trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. *See id.* at 140.

■ In our case, appellant was indicted for two offenses. In cause no. 29591A, appellant was charged with possession of cocaine, but the State dropped the charges in accordance with appellant's plea agreement in cause no. 29591. Without the enhancement of cause no. 29591A, the punishment range in case 29591 dropped to two to 20 years from 25 years to life. As a result, the State changed the plea papers to reflect the non-enhanced punishment range. However, according to the State, when the punishment range was changed, the words "or life" were not crossed out. Consequently, the trial court improperly admonished appellant that the range of punishment was two to 20 years *or life* and a fine not to exceed $10,000. Although improperly admonished, appellant's sentence of 15 years was within the actual statutory range, as well as within the stated range. The range of punishment for a second degree felony is two to 20 years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.33 (Vernon Supp.1999). The trial court's substantial compliance with the required admonishments constitutes a prima facie showing of a knowing and voluntary plea of guilty. *Eatmon v. State,* 768 S.W.2d 310, 312 (Tex. Crim.App.1989) (citing *Ex parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim.App.1985)). The burden shifted to appellant to show he entered the plea without understanding the consequences of his action and he suffered harm. *Id.* Appellant's motion for new trial does not argue he was misled or harmed by the improper admonishment.

Nor does appellant make any attempt to supplement the record to satisfy his burden. We hold the trial court substantially complied with the admonishment requirements. We overrule issue one.

## Motion For New Trial Hearing

■ In issue two, appellant complains the trial court erred by not hearing his second motion for new trial. Appellant filed a second motion for new trial on March 2, 1998, and presented it on March 13, 1998. Appellant's motion was overruled by operation of law. TEX.R.APP. P. 21.6. Rule 21.6 requires a defendant to present the trial court with a motion for new trial within 10 days of filing the motion, unless the trial court, in its discretion, permits the motion to be presented later. *See Musgrove v. State*, 960 S.W.2d 74, 76 (Tex.Crim.App.1998). In our case, appellant did not present his motion within 10 days. We do not find anything in the record showing that the trial court, in its discretion, permitted the motion for new trial to be presented late; the motion was overruled by operation of law. Therefore, the trial court did not err in failing to conduct a hearing on the motion. *See id.*

We overrule issue two.

We affirm the trial court's judgment.

Justice TAFT dissents from the denial of en banc review.

Justice NUCHIA joins his dissent.

TIM TAFT Justice, dissenting from denial of en banc review.

This case presents an important issue because it potentially could be raised in more than 90% of all criminal cases, namely, whether a criminal defendant who pleads guilty pursuant to a plea bargain agreement can appeal the voluntariness of his plea without permission of the trial court. The issue is hotly contested: nine courts of appeals have decided it one way; and two courts of appeals have decided it the other way. Therefore, I believe this issue is important enough to merit en banc review by this Court.

There are three reasons why a criminal defendant should not be allowed to appeal the voluntariness of his plea without first obtaining the permission of the trial court: (1) the Texas Legislature did not intend it; (2) the Court of Criminal Appeals has recognized that the Texas Legislature did not intend it in the Court's enactment of new rule of appellate procedure 25.2(b)(3); and (3) it is unnecessary for a defendant to have a right to appeal voluntariness of his plea where such a defendant received the benefit of being sentenced to a punishment to which he agreed by plea bargain.

The Panel Opinion errs by following those courts of appeals that have applied the Legislature's limitation on rule-making authority in section 22.108(a) of the Government Code (prohibiting substantive changes) to a change from a rule to a rule, rather than from the original statute to a rule. In my concurring opinion in *Williams v. State*, 960 S.W.2d 758 (Tex. App.—Houston [1st Dist.] 1997, pet. dism'd), I explained the purpose of the former *proviso* to article 44.02 of the Code of Criminal Procedure:

A review of the purpose of the former *proviso* to article 44.02 of the Code of Criminal Procedure is helpful to understanding the scope of appellate review of pleas entered pursuant to plea bargain agreements. Addition of the *proviso* in 1977 was in response to a rising concern about the large number of appeals from pleas of guilty despite the defendant having agreed to his punishment. *See Morgan v. State*, 688 S.W.2d 504, 513–14 (Tex.Crim.App.1985) (Onion, P.J., dissenting). As originally written, the legislation called for eliminating such appeals entirely, unless the permission of the trial court was obtained. *Id.* at 514. A senate floor amendment added an exception giving a right to appeal matters raised by written motion filed prior to trial. *Id.* The amendment conserved precious judicial resources by encouraging guilty pleas in cases where the only contested issue was some matter raised

in a pretrial motion. *See Morgan,* 688 S.W.2d at 507; *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Crim.App.1978).

Thus, the purpose of the *proviso* was to save judicial resources on two levels: (1) in the trial court by encouraging guilty pleas where the only issue was something other than the guilt of the accused; and (2) at the appellate court by limiting appeals of guilty pleas where the defendant had received the benefit of his bargain. The language of the *proviso* limited such appeals severely:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have the permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.*

Act of May 23, 1977, 65th Leg. R.S., ch. 351, sec. 1, 1977 Tex.Gen.Laws 940–41. *Williams,* 960 S.W.2d at 761 (Taft, J., concurring). It is this *proviso* to which the Legislature's rulemaking prohibition applies: "The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge or modify the substantive rights of a litigant." Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988). In other words, the Court of Criminal Appeals may not make rules that substantively differ from the predecessor statute. *See Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994) (court constrained to interpret rule of appellate procedure so as not to modify a defendant's substantive right of appeal that previously existed under the *proviso* to article 44.02).

Unfortunately, the Court of Criminal Appeals exceeded the Legislature's prohibition in *Flowers v. State,* 935 S.W.2d 131 (Tex.Crim.App.1996) by allowing appeals of the voluntariness of the plea without permission of the trial court. *Id.* at 134. In *Williams,* I explained how the Court erred in *Flowers* by relying on cases not involving involuntary pleas, but rather pleas with conditions that could not be fulfilled. *Id.* at 761. It now appears that the Court has overruled *Flowers* by the enactment of rule 25.2(b)(3) of the new rules of appellate procedure. The new rule provides only for the appeal of jurisdictional defects and pretrial motions, in the absence of the trial court's permission. Tex.R.App. P. 25.2(b)(3). That the Court understood it was overruling *Flowers* is clearly seen by the statements of Judges Baird and Overstreet accompanying the approval of the rules. *See Approval of Revisions to the Texas Rules of Appellate Procedure,* 60 Tex. B.J. 408 (May 1997). In *Williams,* I also explained why it makes sense to so severely limit the right of appeal of one who receives the benefit of his plea bargained sentence. *Id.* at 761–62 (explaining the difference between pleas with and without agreed recommendations). There simply is no crying need for defendants in this situation to appeal the voluntariness of their pleas. *Id.*

Accordingly, I respectfully dissent from this Court's denial of en banc review.

Justice NUCHIA joins this dissent.