Barber v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-094-CR

NO. 2-04-095-CR

MICHAEL WAYNE BARBER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Michael Wayne Barber appeals from his convictions for robbery by threats and evading arrest or detention using a vehicle.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  
Also, appellant was given the opportunity to file a pro se brief in support of his appeal, but has failed to do so.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds by Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that the appeal is frivolous.

There are no jurisdictional errors.  The indictments conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004-05); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reflects that appellant knowingly and voluntarily pleaded guilty to both charged offenses and true to two prior felony convictions.  After being admonished in writing and by the trial court regarding the consequences of his plea, appellant insisted on pleading guilty and admitted his guilt in open court.  Nothing in the record would support a claim that appellant’s pleas were involuntary.  Although appellate counsel points out that the trial court erred slightly when admonishing appellant orally
(footnote: 2) regarding the punishment range, the trial court’s substantial compliance with the admonishments was sufficient where, as here, appellant was sentenced within the proper range and has not shown that he was misled or harmed by the trial court’s admonishments.  
See Hughes v. State,
 833 S.W.2d 137, 140 (Tex. Crim. App. 1992);
 Davis v. State,
 7 S.W.3d 695, 697 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

There are no errors that are not independent of the judgment of guilt.  Appellate counsel points out that appellant could argue that trial counsel was ineffective; however, the record would not support an ineffective assistance of counsel claim because there is no evidence that trial counsel’s performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  Moreover, appellant told the trial court that he was satisfied with his trial counsel’s representation.  

Finally, the trial court assessed punishment within the statutory range, and there is nothing to suggest that the court erred in sentencing appellant.  Robbery by threats is a first-degree felony offense that, when enhanced by two prior felony convictions, carries a penalty range of twenty-five to ninety-nine years.  
Tex. Penal Code Ann.
 § 12.42(d) (Vernon Supp. 2004-05), § 29.03(b) (Vernon 2003).  The trial court sentenced appellant to twenty-five years’ confinement for this offense.  Evading arrest or detention using a motor vehicle is a state jail felony that, when enhanced by two prior felony convictions, carries a penalty range of two to twenty years and a $10,000 fine.  
Id.
 §§ 12.33, 38.04(b)(1) (Vernon 2003), § 12.42(a)(2) (Vernon Supp. 2004-05).  The trial court assessed appellant’s sentence for this offense at fifteen years’ confinement and no fine and ordered that both sentences run concurrently.  Further, the trial court found that appellant had a chemical dependency and recommended that he be admitted to the prison system’s drug treatment unit.

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant arguably could be successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 9, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The written admonishments state the proper punishment ranges.