COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-094-CR
NO. 2-04-095-CR
  
  
MICHAEL 
WAYNE BARBER                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Michael 
Wayne Barber appeals from his convictions for robbery by threats and evading 
arrest or detention using a vehicle.  We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967) by presenting a professional evaluation of the record 
demonstrating why there are no reversible grounds on appeal and referencing any 
grounds that arguably might support the appeal.  See Mays v. State, 
904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Also, 
appellant was given the opportunity to file a pro se brief in support of his 
appeal, but has failed to do so.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of appellant’s plea, error 
that is not independent of the judgment of guilt, and error occurring after 
entry of the guilty plea.  Monreal v. State, 99 S.W.3d 615, 620 
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. 
App. 2000); Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 
1996), disapproved on other grounds by Cooper v. State, 45 S.W.3d 77 
(Tex. Crim. App. 2001); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. 
App. 1994).  Our independent review of the record reveals that counsel has 
correctly determined that the appeal is frivolous.
        There 
are no jurisdictional errors.  The indictments conferred jurisdiction on 
the trial court and provided appellant with sufficient notice to prepare a 
defense.  See Tex. Const. 
art. V, § 12; Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp. 2004-05); Duron v. State, 956 S.W.2d 547, 550-51 
(Tex. Crim. App. 1997).
        The 
record reflects that appellant knowingly and voluntarily pleaded guilty to both 
charged offenses and true to two prior felony convictions.  After being 
admonished in writing and by the trial court regarding the consequences of his 
plea, appellant insisted on pleading guilty and admitted his guilt in open 
court.  Nothing in the record would support a claim that appellant’s 
pleas were involuntary.  Although appellate counsel points out that the 
trial court erred slightly when admonishing appellant orally[2] 
regarding the punishment range, the trial court’s substantial compliance with 
the admonishments was sufficient where, as here, appellant was sentenced within 
the proper range and has not shown that he was misled or harmed by the trial 
court’s admonishments.  See Hughes v. State, 833 S.W.2d 137, 140 
(Tex. Crim. App. 1992); Davis v. State, 7 S.W.3d 695, 697 (Tex. 
App.—Houston [1st Dist.] 1999, no pet.).
        There 
are no errors that are not independent of the judgment of guilt.  Appellate 
counsel points out that appellant could argue that trial counsel was 
ineffective; however, the record would not support an ineffective assistance of 
counsel claim because there is no evidence that trial counsel’s performance 
was deficient.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. 
Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. 
App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 
1999).  Moreover, appellant told the trial court that he was satisfied with 
his trial counsel’s representation.
        Finally, 
the trial court assessed punishment within the statutory range, and there is 
nothing to suggest that the court erred in sentencing appellant.  Robbery 
by threats is a first-degree felony offense that, when enhanced by two prior 
felony convictions, carries a penalty range of twenty-five to ninety-nine years. 
 Tex. Penal Code Ann. § 12.42(d) (Vernon 
Supp. 2004-05), § 29.03(b) (Vernon 2003).  The trial court sentenced 
appellant to twenty-five years’ confinement for this offense.  Evading 
arrest or detention using a motor vehicle is a state jail felony that, when 
enhanced by two prior felony convictions, carries a penalty range of two to 
twenty years and a $10,000 fine.  Id. §§ 12.33, 38.04(b)(1) 
(Vernon 2003), § 12.42(a)(2) (Vernon Supp. 2004-05).  The trial court 
assessed appellant’s sentence for this offense at fifteen years’ confinement 
and no fine and ordered that both sentences run concurrently.  Further, the 
trial court found that appellant had a chemical dependency and recommended that 
he be admitted to the prison system’s drug treatment unit.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant arguably could be 
successful on appeal.  Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgments.
   
                                                                  PER 
CURIAM
  
  
PANEL 
F:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 9, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The written admonishments state the proper punishment ranges.