COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-250-CR
 
  
JUAN 
CARLOS BRIONES                                                        APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
pleaded guilty pursuant to a plea bargain agreement to the offense of indecency 
with a child and was sentenced by the trial court to ten years’ 
confinement.  In one point, Appellant argues that his guilty plea was 
involuntary.  We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        Because 
the sufficiency of the evidence is not challenged, a brief recitation of the 
facts will suffice.  Appellant was indicted on February 20, 2003 on six 
counts of aggravated sexual assault.  On May 3, 2004, the indictment was 
amended, adding a seventh count of indecency with a child.  Permission to 
amend the indictment was granted by the trial court and agreed to by 
Appellant’s counsel.  On May 3, 2004, Appellant pleaded guilty to the 
indecency with a child count pursuant to a plea bargain agreement.  The 
clerk’s record indicates that Appellant was admonished in writing in 
accordance with article 26.13 of the Texas Code of Criminal Procedure.  
Appellant was sentenced to ten years’ confinement, and the trial court 
initially denied Appellant’s right to appeal.  However, after Appellant 
filed a pro se letter in Spanish to the trial court on May 26, 2004, the trial 
court appointed appellate counsel and granted Appellant permission to appeal on 
June 11, 2004.  Appellant timely filed a notice of appeal.
POINT ON APPEAL
        Appellant 
argues that his plea was involuntary because the trial court did not 
substantially comply with the requirements for accepting guilty pleas pursuant 
to the Sixth and Fourteenth Amendments of the United States Constitution, 
article I, sections 10 and 19 of the Texas Constitution, and Texas Code of 
Criminal Procedure article 26.13.  For support of this argument, Appellant 
points to the written admonishments contained in the clerk’s record that were 
executed at the plea proceeding. The written admonishments contain a file stamp 
on the first page indicating a date of May 3, 2004. However, the top of the last 
page of the written admonishments contains a handwritten date of May 5, 2004 
directly above the trial clerk’s signature. Appellant contends therefore that 
there can be no substantial compliance with article 26.13 of the Texas Code of 
Criminal Procedure because “the written admonishments reflect that they were 
not executed by the Appellant until 2 days after” he was sentenced. 
Additionally, Appellant contends that the indictment could not be amended on the 
same day he entered his guilty plea and that, therefore, his substantial rights 
were affected.
        The 
trial court's substantial compliance with the required admonishments constitutes 
a prima facie showing of a knowing and voluntary plea of guilty. Davis v. 
State, 7 S.W.3d 695, 697 (Tex. App.—Houston [1st Dist.] 1999, no pet.), overruled 
on other grounds by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001); see 
Eatmon v. State, 768 S.W.2d 310, 311-12 (Tex. Crim. App. 1989); Robinson 
v. State, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987). The record indicates 
that Appellant was advised of his various rights in accordance with article 
26.13 of the Texas Code of Criminal Procedure and that he signed the written 
admonishments, which correctly listed the offense as indecency with a child and 
specified the range of punishment for this offense. See Tex. Code Crim. Proc. Ann. art. 26.13 
(Vernon Supp. 2004-05); Tex. Penal Code 
Ann. §§ 21.11(a)(1), (d), 12.33 (Vernon 2003). Additionally, Appellant 
signed the admonishments indicating that he understood them, was aware of the 
consequences of his plea, and was entering his plea freely and voluntarily.
        Although 
the record does reflect a discrepancy between the file stamp date on the first 
page of the admonishments and the handwritten date on the last page, it is 
apparent from the record that this is merely a clerical error.  At the 
bottom of the last page of the admonishments, and below the clerk’s 
handwritten date, is the handwritten amendment adding the indecency with a child 
count.  Directly below the amendment is the signature of the trial judge 
and the handwritten date of “5/3/04.”  Moreover, the record contains a 
separate form containing the admonishments regarding sex offender registration 
requirements, which was also signed by Appellant.  This form contains both 
a file stamped and handwritten date of May 3, 2004 and is signed by the same 
trial court clerk who signed the written admonishments form.  Therefore, 
based on the record, we conclude that the handwritten date of May 5, 2004, was a 
clerical error.  Thus, we hold that Appellant was duly admonished at the 
plea proceeding on May 3, 2005 according to article 26.13 of the Texas Code of 
Criminal Procedure.
        A 
finding that a defendant was duly admonished creates a prima facie showing that 
a guilty plea was entered knowingly and voluntarily.  Martinez v. State, 
981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  A defendant may still raise 
the claim that his plea was not voluntary; however, the burden shifts to the 
defendant to demonstrate that he did not fully understand the consequences of 
his plea such that he suffered harm.  Id.  Appellant has failed 
to demonstrate how this clerical error caused him harm.  As indicated 
above, the record reflects that Appellant understood the consequences of his 
plea and that his plea was entered freely and voluntarily.  Appellant has 
failed to rebut the prima facie showing that his guilty plea was entered 
knowingly and voluntarily. Therefore, we hold that Appellant has failed to meet 
his burden to demonstrate that his plea was not voluntary.
        Appellant 
also argues that the trial court erred in allowing an amendment to the 
indictment on the same day that he entered his guilty plea.  Appellant 
argues that article 28.10 of the Texas Code of Criminal Procedure does not 
permit an amendment to the indictment on the day of trial, and therefore, no 
objection was required.  See Tex. 
Code Crim. Proc. Ann. art. 28.10 (Vernon 1989).  However, appellate 
counsel misstates the law.
        Assuming 
Appellant’s plea proceeding constituted a trial for purposes of article 28.10, 
Appellant was still required to object to the amendment to the indictment.  
If an indictment is amended on the day of trial, the defendant must object to 
the amendment or the objection is waived.  Hoitt v. State, 30 S.W.3d 
670, 674 (Tex. App.—Texarkana 2000, pet. ref’d); see State v. Murk, 
815 S.W.2d 556, 558 (Tex. Crim. App. 1991) (holding that although it was error 
for State to amend information on day of trial, but before trial commenced, 
appellant was still required to object).  Not only did Appellant fail to 
object, the clerk’s record indicates that the amendment was initialed by the 
State and Appellant’s counsel.[2]  Therefore, 
Appellant has waived any complaint regarding the amendment to the 
indictment.  Accordingly, we overrule Appellant’s sole point.
CONCLUSION
        We 
affirm the trial court’s judgment.
  
  
                                                          PER 
CURIAM

  
  
PANEL 
F:   GARDNER, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The amendment to the indictment was also initialed by a third person.  
Appellate counsel argues that the initials appear to be “JL” or “JT” and 
therefore are not the initials of Appellant, Juan Carlos Briones.  The 
State argues that the initials are “JC” and are therefore the initials of 
Appellant.  However, both parties agree that the amendment was initialed by 
Appellant’s trial counsel and there was no objection to this amendment, as is 
required.  Therefore, even if we were to assume that these initials were 
not those of Appellant, appellate counsel has failed to clearly argue how this 
caused him harm.