Opinion issued January 17, 2008


 











In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00837-CR

 01-06-00838-CR

 01-06-00839-CR






ALFRED GONZALEZ III, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause Nos. 1048167, 1048168, & 1048872






MEMORANDUM OPINION


 Appellant, Alfred Gonzalez III, pleaded guilty without an agreed
recommendation to aggravated robbery in cause number 1048872, (1) possession of a
controlled substance in cause number 1048168, (2) and evading arrest in cause number
1048167. (3) The trial court sentenced him to 17 years in prison for aggravated robbery
and two years each for the possession and evading arrest causes. In two points of
error, appellant argues that he was (1) denied effective assistance of counsel because
his counsel did not file a written motion for community supervision and (2)
improperly admonished as to the punishment range for the offense of aggravated
robbery.

 We affirm. 

Background


 At the pre-sentence investigation (PSI) hearing, Rosanne Sicola testified that
while walking into a Lowe's store she saw appellant driving toward her. At first, she
thought she recognized him, but as appellant got closer she realized that she did not
know him. Appellant reached out and grabbed Sicola's purse and drove away. Sicola
ran after the car and jumped on the window. Appellant put the car in reverse, which
threw Sicola off the car. Appellant testified that he committed all of the crimes
testified to at the hearing.


 Ineffective Assistance of Counsel--Motion for Community Supervision


 In his first point of error in appellate cause numbers 01-06-00837-CR, 01-06-00838-CR, and 01-06-00839-CR, appellant argues that his counsel was deficient for
not filing a written motion for community supervision. 

 Both the United States and Texas Constitutions guarantee an accused the right
to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 1977). This right includes the right to
reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show
that (1) trial counsel's representation fell below an objective standard of
reasonableness, based on prevailing professional norms; and (2) the result of the
proceeding would have been different but for trial counsel's deficient performance. 
Strickland, 466 U.S. at 688-92, 104 S. Ct. at 2064-67; see also Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant has the burden of proving his
claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). We apply a strong presumption that trial counsel was
competent. Thompson, 9 S.W.3d at 813. We presume counsel's actions and
decisions were reasonably professional and motivated by sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

 At the PSI hearing, defense counsel asked the trial court to give appellant
probation, but the record does not show that defense counsel filed a written motion
for community supervision. The State responds that appellant was eligible for
deferred adjudication community supervision, but that the Texas Code of Criminal
Procedure does not require the filing of a motion for the trial court to sentence a
defendant to community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 5 (Vernon 2006); see also Diaz v. State, 905 S.W.2d 302, 309 n.6 (Tex.
App.--Corpus Christi 1995, no pet.) ("Appellant's plea of guilty to a felony was
before the trial court. There is no statutory requirement of a sworn motion for
probation nor required proof that appellant has never been convicted of a felony as
there is when the issue of punishment is decided by a jury."). (4) Accordingly, appellant
has not shown that appellant's defense counsel acted deficiently by not filing a sworn
motion for community supervision. Having found that appellant failed to establish
the first prong of Strickland, we hold that appellant's counsel was not ineffective. 
See Strickland, 466 U.S. at 688-92, 104 S. Ct. at 2064-67.

 We overrule appellant's first point of error in cause numbers 01-06-00837-CR,
01-06-00838-CR, and 01-06-00839-CR.


Range of Punishment


 In his second point of error in appellate cause number 01-06-00837-CR only,
appellant contends that the trial court admonished him incorrectly on the range of
punishment for aggravated robbery. Appellant argues that because he was told that
he would not receive any more than 10 years in prison, his punishment of 17 years
exceeded the maximum admonished sentence.

 The Texas Code of Criminal Procedure provides that, prior to accepting a plea
of guilty or of nolo contendere, a trial court must admonish a defendant of the range
of punishment attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1)
(Vernon Supp. 2007). In admonishing the defendant, substantial compliance by the
trial court is sufficient unless the defendant affirmatively shows he was not aware of
the consequences of his plea and was misled or harmed by the court's admonishment. 
Id. art. 26.13(c). The trial court may admonish a defendant either orally or in writing.
Id. art. 26.13(d).

 Here, the admonishment form includes admonishments regarding state jail
felony offenses with a punishment of not more than 10 years and not less than 2 years
with a fine not to exceed $10,000. The admonishment form also includes the correct
range of punishment for a first-degree felony--a term of life or any term of not more
than 99 years or less than 5 years imprisonment with a fine not to exceed $10,000. 
See Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003). Appellant initialed the state jail
felony admonishments, but not the first-degree felony admonishment. Appellant
implicitly argues that the trial court improperly admonished him because he did not
initial the first-degree felony admonishment that contained the correct range of
punishment. However, there is no requirement in article 26.13 that the defendant
initial each written admonishment paragraph. Lopez v. State, 25 S.W.3d 926, 929
(Tex. App.--Houston [1st Dist.] 2000, no pet.) (citing Tex. Code Crim. Proc. Ann.
art. 26.13). 

 At the end of the admonishment form, appellant initialed the statement that he
understood the foregoing admonishments and that he was aware of the consequences
of his plea. Appellant also initialed the statement that his plea was freely and
voluntarily given. Appellant waived the right to have a court reporter record his plea,
and he waived the right to have the trial court orally admonish him. Because the trial
court admonished appellant in writing about the proper range of punishment for
aggravated robbery, we conclude that appellant's plea was knowing and voluntary. 
See Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2007); Williams v.
State, 960 S.W.2d 758, 759 (Tex. App.--Houston [1st Dist.] 1997, pet. dism'd)
("When the record shows the trial court properly admonished the defendant, there is
a prima facie showing that the plea was knowing and voluntary.").

 Even if we were to conclude that the trial court erred in failing to admonish
appellant or that it admonished appellant improperly, such error is subject to non-constitutional error review. See Aguirre-Mata v. State, 125 S.W.3d 473, 476-77
(Tex. Crim. App. 2003). To perform that analysis, "a reviewing court must
independently examine the record for indications that a defendant was or was not
aware of the consequences of his plea and whether he was misled or harmed by the
trial court's failure to admonish him of the punishment range." Burnett v. State, 88
S.W.3d 633, 638 (Tex. Crim. App. 2002). In the context of a guilty plea, an error
affects substantial rights when, considering the record as a whole, we do not have a
fair assurance that the defendant's decision to plead guilty would not have changed
had the court admonished him. See Anderson v. State, 182 S.W.3d 914, 919 (Tex.
Crim. App. 2006).

 During the PSI hearing, the State mentioned three times that the range of
punishment was 5 to 99 years or life for aggravated robbery. During closing
arguments, the State argued to the trial court for a 30-year sentence. Although he was
present in the courtroom during the PSI hearing and the State's closing arguments,
appellant never objected to the State's comments or arguments, questioned the
validity of the range of punishment asserted, or filed a motion for new trial arguing
that his plea was not knowing and voluntary. "[T]o warrant a reversal on direct
appeal, the record must support an inference that appellant did not know the
consequences of his plea." Burnett, 88 S.W.3d at 638. We cannot conclude that the
record supports an inference that appellant did not know the consequences of his plea. 
See Aguirre-Mata, 125 S.W.3d at 476-77 (record did not show that defendant was
unaware of range of punishment); Burnett, 88 S.W.3d at 641 (record did not show
that defendant was unaware of the punishment range).

 We overrule appellant's second point of error in cause number 01-06-00837-CR.

Conclusion


 We affirm the judgments of the trial court.




 




 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellate cause number 01-06-00837-CR; trial court cause number 1048872.
2. Appellate cause number 01-06-00838-CR; trial court cause number 1048168.
3. Appellate cause number 01-06-00839-CR; trial court cause number 1048167.
4. For jury-recommended community supervision, appellant had to file a sworn motion
to be eligible. See Tex. Code Crim. Proc. Ann. art. 42.12 § 4(e) (Vernon 2006).