In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00082-CV


______________________________




LESLIE LEE BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 22760




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Leslie Lee Brown has filed a notice of appeal from an order that directed the inmate trust
account of this indigent defendant to be garnished under the authority of Section 501.014 of the
Texas Government Code. See Tex. Gov't Code Ann. § 501.014 (Vernon 2004).

 In order to perfect an appeal to this Court from the April 9, 2009, order of garnishment,
Brown was required to file a notice of appeal within thirty days of that date, on or before May 11,
2009. See Tex. R. App. P. 26.1. The rule also provides a fifteen-day grace period, which would have
expired May 26, 2009. This notice of appeal was filed August 26, 2009. It is untimely, and cannot
serve to invoke the jurisdiction of this Court.

 We have no jurisdiction over this appeal. There being no timely notice of appeal from the
garnishment, we dismiss this appeal for want of jurisdiction.

 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 8, 2009

Date Decided: September 9, 2009




ext-align: center">______________________________

No. 06-03-00174-CR
______________________________


LARRY EVERETT WHITE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 21,421


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          On June 6, 2003, Larry Everett White, Jr., waived his right to a jury trial and pled
guilty in Hunt County cause number 21,421 to evading arrest using a vehicle.


 See Tex.
Pen. Code Ann. § 38.04(b)(1) (Vernon 2003) (state jail felony). The indictment further
alleged White had been previously, finally, and sequentially convicted of at least two
additional felony offenses. In a written admonishment, the trial court instructed White that
the range of punishment applicable in this case was "not more than 10 years or less than
2 years in the Institutional Division of the Department of Criminal Justice . . . ." White then
pled "true" to enhancement allegations, and the trial court ordered a presentence
investigation (PSI) report. 
          After considering further testimony on punishment and the PSI report at a July 24,
2003, hearing, the trial court sentenced White to twenty years' imprisonment. (There was
not a negotiated plea agreement in this case.) White timely appealed his conviction and
sentence to this Court. 
          On appeal, White contends the trial court failed to admonish him on the correct
range of punishment. Before accepting a defendant's plea of guilty, a trial court is required
to admonish the defendant about the proper range of punishment applicable to the offense. 
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2004). It is not, however,
always reversible error if the trial court does not strictly comply with the requirements of
Article 26.13 of the Texas Code of Criminal Procedure. "Substantial compliance with
[Article 26.13's] requirement is sufficient unless an appellant affirmatively shows he was
not aware of the consequences of his plea and he was misled or harmed by the court's
admonishments." Davis v. State, 7 S.W.3d 695, 697 (Tex. App.—Houston [1st Dist.] 1999,
no pet.). If the trial court undertakes to admonish the defendant, the sentence given is
within the range prescribed by law, and the defendant fails to affirmatively show he or she
was harmed by the improper Article 26.13 admonishments, then we must find the trial court
substantially complied with the requirements of Article 26.13. Hughes v. State, 833 S.W.2d
137, 139–40 (Tex. Crim. App. 1992). 
          Evading arrest is a state jail felony if the actor uses a vehicle while in flight. Tex.
Pen. Code Ann. § 38.04(b)(1). If it is shown on the trial of a state jail felony punishable under Section
12.35(a) that the defendant has previously been finally convicted of two
felonies, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become final, on
conviction the defendant shall be punished for a second-degree felony.
 
Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon Supp. 2004). Second degree felonies carry
a punishment range of no fewer than two years', nor more than twenty years',
imprisonment. Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003).
          The trial court's written admonishments informed White the range of punishment in
this case was up to ten years' imprisonment. The indictment alleged White had previously
and finally been convicted in the 114th Judicial District Court of Wood County July 11,
1996, of unlawfully possessing a firearm before the fifth anniversary of his release from
confinement. See Tex. Pen. Code Ann. § 46.04(a), (e) (Vernon Supp. 2004) (third degree
felony). The indictment further alleged that White had previously and finally been
convicted in the 292nd Judicial District Court of Dallas County August 12, 1987, of delivery
of a controlled substance and that this conviction became final before White was convicted
of possessing a firearm in Wood County. White pled "true" to these allegations, thereby
enhancing the punishment range to up to twenty years' imprisonment, not merely ten years'
imprisonment as the trial court had informed White in the written admonishments. 
Therefore, the trial court erred by not stating the proper punishment range.
          Nonetheless, at the June hearing on White's guilty plea, the trial court asked White,
"On the evading arrest if the State -- it's a state jail felony, but if the State proves two priors
it goes to a second degree, 2 to 20. Do you understand that?" White responded
affirmatively. Later, at the July punishment hearing, the trial court again asked, "And you
know the range of punishment there then could result in second degree felony punishment,
which is a range of 2 to 20 years and/or a fine up to $10,000, is that clear?" Again, White
affirmed he understood the proper range of punishment included incarceration of up to
twenty years.
          Although the trial court erroneously listed the range of punishment as two to ten
years' imprisonment in its written admonishments, the record is clear that White
understood the true potential punishment range included incarceration of up to twenty
years for the underlying offense. Accordingly, we cannot say White has shown he was
harmed by the erroneous written admonishments. 
          We affirm the trial court's judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

 
Date Submitted:      March 2, 2004
Date Decided:         March 18, 2004

Do Not Publish