**Jack Wilmer EATMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 096–84.**

**Court of Criminal Appeals of Texas, En Banc.**

**April 19, 1989.**

George M. Karam, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Richard Mason, Bob Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Cathleen Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted of the offense of possession of methamphetamine and after a long course of events was assessed a ten year sentence. His conviction was affirmed by the Houston (1st) Court of Appeals. *Eatmon v. State,* 662 S.W.2d 31 (Tex.App.–Houston (1st) 1983).

A review of the record shows that appellant was indicted for possession of methamphetamine with intent to deliver, alleged to have occurred on or about July 28, 1978. On October 18, 1978, pursuant to a plea bargain arrangement, appellant pled no contest to the reduced charge of possession

of methamphetamine and was placed on deferred adjudication for five years. At the time of entry of the plea of no contest, the trial court incorrectly admonished appellant that the range of punishment for possession of methamphetamine was two to ten years and up to a $5,000 fine, when in actuality the offense was a second degree felony and thus punishable by confinement from two to twenty years and a fine not to exceed $10,000. Article 4476–15, Sections 4.04(a) and 4.04(b)(1), V.A.C.S.; V.T.C.A., Penal Code, Section 12.33.

Subsequently, the State filed a motion to adjudicate guilt which alleged that on December 29, 1979, appellant had possessed hydromorphone. A hearing was held on the allegation during which appellant entered a plea of not true. After hearing evidence, the trial court found the allegation to be true and entered an adjudication of guilt on the original charge of possession of methamphetamine. Appellant was sentenced to confinement of fifteen years and one day. After it was discovered that an improper admonishment had been given, appellant's punishment was reassessed at ten years so that the term assessed would not "exceed what you were admonished."

On direct appeal, appellant contended that the admonishment he received as to the range of punishment pertinent to his case did not substantially comply with Article 26.13, V.A.C.C.P., (1977) and thus his conviction should be reversed. The Court of Appeals held that the admonishment as to the range of punishment was in substantial compliance with Article 26.13, supra, and that appellant failed to show that he was harmed or misled by the erroneous admonishment.

Appellant is now contending in his petition that the admonishment did not substantially comply with Article 26.13, supra, when viewed in light of *Weekley v. State*, 594 S.W.2d 96 (Tex.Cr.App.1980) and *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App. 1980). Thus, he argues, reversal is automatically mandated without regard to harm. In *Weekley v. State*, supra, the defendant was admonished that the range of punishment was not more than twenty

years. After considering a pre-sentence investigation, the court assessed punishment at twenty-five years. This Court held that the erroneous admonition as to punishment was tantamount to no admonishment at all and therefore reversal was automatic without regard to harm. Because there was no substantial compliance, there was no need to consider harm. Appellant argues that we must apply the same analysis to the instant case and find that the improper admonishment was "tantamount to a complete failure to admonish on the range of punishment and, therefore, harm was not required to be shown."

At the time of the entry of appellant's plea to the instant charge, Article 26.13, supra, read in pertinent part as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense; ...

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Prior to 1975, the statute had read:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The Court recently confronted the same issue in *Robinson v. State*, 739 S.W.2d 795 (Tex.Cr.App.1987). In *Robinson*, the trial court admonished the defendant that the range of punishment in his case was two to ten years, when in fact the law provided for a punishment of two to twelve years. The actual sentence assessed was six years. In refusing to grant relief, the Court determined that since the punishment assessed was within both the actual and stated maximum there was "substan-

tial compliance" with the requirements of Article 26.13, supra. *Robinson,* supra, at 801, citing *Taylor v. State,* 610 S.W.2d 471 (Tex.Cr.App.1980).

"Such compliance constitutes 'a prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was thus harmed.' *Ex parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Cr.App.1985). See also *Whitten v. State,* 587 S.W.2d 156 (Tex.Cr.App.1979)." *Robinson,* 739 S.W.2d at 801.

In the instant cause, appellant, as in *Robinson,* has not alleged or proved that his plea was the product of a plea bargain to which he reasonably would not have agreed had he been correctly admonished. Therefore, he has not shown that he was misled or harmed by the admonishment.

Appellant's ground for review is overruled and the judgments of the trial court and Court of Appeals are affirmed.