NUMBER 13-01-506-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


 

ADOLFO SOLIZ MUNIZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
On appeal from the 347th District Court

of Nueces County, Texas.



O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Chief Justice Valdez


Appellant was indicted for burglary of a habitation with intent to commit theft. See Tex. Pen. Code Ann. § 30.02 (Vernon
Supp. 2001). He pleaded guilty without a plea bargain and was assessed punishment at seven years confinement without
probation. 

On appeal, appellant contends (1) that the trial court abused its discretion in denying his motion for new trial because his
guilty plea was not voluntarily, knowingly, and intelligently made, and (2) appellant was denied the effective assistance of
counsel at trial in violation of the sixth and fourteenth amendments to the United States Constitution and article I, section
10 of the Texas Constitution. We affirm the conviction.
Voluntariness of the Plea Agreement

Article 26.13(a) of the Texas Code of Criminal Procedure provides that, before accepting a guilty plea, the trial court must
admonish a defendant regarding: (1) the punishment range; (2) the fact that the State's sentencing recommendation is not
binding on the court; (3) the limited right to appeal; and (4) the possibility of deportation. See Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon 1989). The admonishments may be made either orally or in writing. Id. If the admonishments are
made in writing, the defendant and his lawyer must file a statement that the defendant understood the admonitions and was
aware of the consequences of the guilty plea. Id.

 The purpose of article 26.13 is to ensure that only a constitutionally valid plea is entered by the defendant and accepted by
the trial court. See Meyers v. State, 623 S.W.2d 397, 401-02 (Tex. Crim. App. 1981). To be constitutionally valid, a guilty
plea must be knowing and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970); Meyers, 623 S.W.2d at
401-02. The trial court's substantial compliance with article 26.13 establishes a prima facie case that the plea was valid. 
See art. 26.13(c);Eatmon v. State, 768 S.W.2d 310, 312 (Tex. Crim. App. 1989); Ruffin v. State, 3 S.W.3d 140, 145 (Tex.
App.-Houston [14th Dist.] 1999, pet. ref'd). Substantial compliance exists when the trial court has undertaken to admonish
the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively
show harm. See Hughes v. State, 833 S.W.2d 137, 139-40 (Tex. Crim. App. 1992); Lord v. State, No. 13-01-063-CR, 2001
Tex. App. LEXIS 7368, *3 (Corpus Christi Nov. 1, 2001, no pet.). Upon a showing of substantial compliance, the burden
shifts to appellant to show that he entered the plea without understanding the consequences of his action and he suffered
harm. Eatmon, 768 S.W.2d at 312; Lord, 2001 Tex. App. LEXIS 7368, *4.

Effective Assistance of Counsel


Appellant states that he did not receive effective assistance of counsel, and thus his plea of guilty was not knowing and
voluntary. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets forth the proper standard
of review for effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). 

Strickland requires a two-part inquiry. The defendant must first show that counsel's performance was deficient, i.e., that his
assistance fell below an objective standard of reasonableness. Thompson, 9 S.W.2d at 812. Second, the defendant must
further prove that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding
would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. 

The determination regarding whether a defendant received effective assistance of counsel must be made according to the
facts of each case. Id. An appellate court looks to the totality of the representation and the particular circumstances of the
case in evaluating the effectiveness of counsel. Id.

 The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. Id. at 813. 
There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See
Strickland, 466 U.S. at 690. To defeat the presumption of reasonable professional assistance, "any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

The constitutional validity of a guilty plea made upon the advice of counsel depends on whether counsel's performance was
reasonably competent, rendering a defendant effective representation during the particular proceedings. Ex parte Battle,
817 S.W.2d 81, 83 (Tex. Crim. App. 1991); Guzman v. State, 993 S.W.2d 232, 237 (Tex. App.-San Antonio 1999, pet.
ref'd). A defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done
voluntarily and knowingly. Battle, 817 S.W.2d at 83; Paz v. State, 28 S.W.3d 674, 675 (Tex. App.-Corpus Christi 2000, no
pet.). 

Analysis

In the instant case, appellant alleges that his guilty plea was involuntary because counsel and the trial court failed to explain
the difference between pleading guilty with a plea bargain and pleading guilty without a plea bargain, and thus appellant
believed that he would receive two years probation rather than the seven year sentence imposed by the trial court. 
Appellant complains that his counsel was ineffective because: 

[T]here is not the slightest indication in the record that counsel made any investigation of the facts of Appellant's case,
other than in the boilerplate language in the Judicial Confession and Stipulation that counsel told appellant to sign. 

Appellant further complains that there is "no showing that counsel researched the applicable law."

At the hearing on appellant's guilty plea, the trial court confirmed that the appellant both understood and read English, and
then proceeded with the following dialogue with appellant:

Court: Have you had a chance to discuss charges pending against you with [your attorney]?

Appellant: Yes.

Court: You had a chance to discuss any possible defenses you might have to the case with him?

Appellant: Yes.

Court: Are you satisfied with his services?

Appellant: Yes.

Court: I have some documents here called Defendant's Waiver of Rights, Court's Written Admonishments to Defendant,
Acknowledgment by Defendant and Notice to Defendant of Right to Appeal. Did you have a chance to review these?

Appellant: Yes, ma'am.

Court: Did you discuss them with your attorney?

Appellant: Yes.

Court: You understand what they say?

Appellant: Yes.

Court: That's your signature on them?

Appellant: Yes.

Court: You understand by signing them you give up important rights you have in this case?

Appellant: Yes.

Court: Do you understand that the range of punishment in this case can be from two to 20 years, and a $10,000 fine?

Appellant: Yes.

Appellant fully executed the trial court's written admonishments which expressly include the range of punishment for
appellant's offense. The admonitions include a warning that the court may consider sentencing recommendations from
either the State or defense counsel, "but the Court is not bound or obligated to accept or follow any recommendations so
made." The admonishments also included an affirmation by appellant's attorney stating that he believed the appellant fully
understood the court's admonitions, the appellant was fully aware of the consequences of his plea and the sentencing range,
and the appellant "knowingly and voluntarily" executed the admonitions.

Following his guilty plea and sentencing, appellant's counsel withdrew, the court appointed him new counsel, and
appellant filed a motion for new trial. At the hearing on the motion for new trial, appellant testified that he believed that he
was going to receive two years probation rather than seven years imprisonment because "that's what [counsel] explained to
me," but acknowledged that counsel did not promise that he would receive probation. Appellant conceded that his attorney
went over his waiver of rights, but not "word for word." Appellant testified that his attorney never explained the sentence
for his crime and never told him he could go to prison. 

In contrast, appellant's former counsel testified that he explained each of the items on the written admonitions to appellant
and discussed appellant's rights with him on numerous occasions. Counsel expressly explained to appellant the availability
of probation and the applicable range of punishment. Counsel testified that he told appellant that the judge could sentence
him up to twenty years imprisonment, and told him "to be careful," because his "previous record would come in, in any
punishment phase." Counsel acknowledged that he did not "know what's inside [appellant's] head," however, his "personal
experience was [appellant] knew what we were bargaining for."

Based on the foregoing, we conclude that appellant has not shown that he entered his plea without understanding the
consequences of his action. The trial court's substantial compliance with article 26.13 established a prima facie case that
the plea was valid. See art. 26.13(c); Eatmon, 768 S.W.2d at 312;Ruffin, 3 S.W.3d at 145. Appellant has not sustained his
burden to show that he entered the plea without understanding the consequences of his action and that he suffered harm. 
Eatmon, 768 S.W.2d at 312. Rather, the record establishes that appellant's plea of guilty was knowing and voluntary. We
overrule appellant's first issue. 

Further, the record before us fails to establish that appellant was provided with ineffective assistance of counsel. Because
the trial court conducted a hearing on appellant's motion for new trial, we review the trial court' s denial of the motion
under an abuse of discretion standard. See Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); State v. Kelley,
20 S.W.3d 147, 151 (Tex. App.-Texarkana 2000, no pet.). Under an abuse of discretion standard, the trial court is the sole
judge of the credibility of the testifying witnesses, and we may not substitute our judgment for that of the trial court. Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). In this case, the trial court was presented with conflicting evidence
regarding appellant's knowledge of the fact that the trial court was not bound to follow the sentencing recommendation of
any party. We conclude the trial court did not abuse its discretion in overruling the motion for new trial based on counsel's
alleged failure to explain appellant's sentencing options. 

Further, the record before us provides no evidence of deficient performance regarding appellant's allegations that counsel
failed to adequately investigate and research appellant's case. See McFarland, 928 S.W.2d at 500 ("the record must
affirmatively demonstrate the alleged ineffectiveness"). Appellant has not met his burden to prove that trial counsel's
representation fell below an objective standard of reasonableness and this deficient performance prejudiced his defense. 
We overrule appellant's second issue.

Having overruled each of appellant's issues on appeal, we affirm the judgment of the trial court. 



ROGELIO VALDEZ, Chief Justice



Do not Publish.

Tex. R. App. P. 47.3(b).

Opinion delivered and filed this 14th day of March, 2002.