NO.
 12-04-00269-CR

                                    12-04-00270-CR

 

                     IN THE COURT OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

CHRISTOPHER
LAMONT ADKINSON,     §                 APPEAL
FROM THE 173RD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       §                 HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


                                                      MEMORANDUM
OPINION

Appellant Christopher Lamont Adkinson
pleaded guilty to two counts of aggravated robbery and was sentenced to fifteen
years on each count, with the sentences to run concurrently.  In one issue, Appellant challenges the voluntariness of his pleas.[1]  We affirm.

 

                                                                Background








On November 24, 2003, Appellant was indicted for two counts of
aggravated robbery.  On April 23, 2004,
the State filed and was granted a “Motion to Reduce Offense,” which asked the
court to reduce the charged offenses from two aggravated robberies to two “simple”
robberies.  That same day, Appellant
appeared before the trial court to enter an open plea of guilty to the lesser
offenses without the benefit of a negotiated plea bargain.  At the plea hearing, the trial court
admonished Appellant that 1) he did not have a plea bargain, 2) the punishment
range for robbery, a second-degree felony, was no less than two years and no
more than twenty and that the punishment could fall somewhere within that
range, and 3) he had the right to a speedy trial by jury.  Appellant acknowledged that he understood
each of these admonishments and pleaded guilty to both counts.  Appellant also acknowledged that he was
pleading guilty because he was “in fact guilty” and that his decision to plead
guilty in each case was freely and voluntarily made.  After the guilty plea, the court recessed so
that a presentence investigation could be made in
order to determine Appellant’s suitability for probation.  

On June 4, the trial court heard evidence regarding Appellant’s
sentencing for the robberies.  After the
testimony of witnesses, the court found Appellant guilty of the two robberies
and sentenced him to fifteen years of imprisonment on each count, with the
sentences to run concurrently. 
Appellant’s counsel did not object to the sentencing.  

On June 22, Appellant filed a motion for new trial, alleging
that his guilty plea was involuntary because he believed that if he pleaded
guilty, the State would recommend a sentence of ten years of imprisonment.  The State failed to make such a recommendation,
and Appellant contended that he would not have pleaded guilty if he had known
that the State would not make the recommendation.[2]

The motion for new trial was heard on August 16.  At the hearing, Appellant testified that his
trial counsel told him that the State would recommend ten years of imprisonment
and that the judge would not exceed that recommendation.  Appellant complained that his guilty pleas
were involuntary because he expected to receive a sentence of no more than ten
years of imprisonment.  He also did not
understand that the court could assess a punishment in excess of ten years because
the punishment range for such an offense was two to twenty years of
imprisonment.  Accordingly, Appellant
testified, he was seeking a new trial on the original aggravated robbery
charges, which carry a punishment range of five to ninety-nine years or life in
prison.  








On cross-examination, he did not remember the trial court
telling him that he did not have the benefit of a plea bargain in association
with his guilty plea.  He did remember
that the trial court admonished him that the punishment range for the robbery
offense is not less than two years and no more than twenty years of
imprisonment and that the court could sentence him to the minimum or the
maximum, or anywhere in between. 
Appellant also remembered telling the trial court that he was pleading
guilty freely and voluntarily.  He
acknowledged that the State did not make any specific recommendation of years
of imprisonment at the punishment hearing. 


Shari Moore, the State’s prosecuting attorney, testified that
she could specifically recall that on the day of the punishment hearing, she
told Appellant’s trial counsel, John Youngblood, that the trial court would
probably sentence Appellant to seven to ten years of imprisonment.  She also recalled telling him that she could
not specifically recommend that to the judge. 


After obtaining a waiver of the attorney-client privilege from
Appellant, Youngblood stated that he had a conversation with Moore where she
told him that she would recommend ten years of imprisonment for Appellant at
the punishment hearing.  He also testified
that before the hearing, he had discussed with Appellant the range of
punishment (two to twenty years) and that Appellant understood this range.  Youngblood further stated that Appellant understood, based on his representation to Appellant, that
the State would recommend ten years of imprisonment.  

On cross-examination, Youngblood testified that Appellant had
disclosed to him that he in fact was guilty of taking part in the robbery.  He did not tell Appellant that he would not
receive a sentence of more than ten years, and he remembered Appellant’s
understanding the trial court’s admonishment regarding the range of
punishment for the offenses.  

Appellant testified again and stated that his plea was
involuntary based on his false assumption that he would receive a sentence of
ten years of imprisonment.  

After closing arguments by both parties, the trial court
overruled Appellant’s motion for new trial. 


 

Analysis

On appeal, Appellant challenges the voluntariness
of his guilty pleas based on his misunderstanding of the punishment he would
receive from the trial court.  The State
argues that Appellant knowingly and voluntarily entered his guilty pleas and
waived his right to a jury trial.

 








Standard
of Review

For a guilty plea to be constitutionally valid, a defendant
must knowingly and voluntarily enter the plea. Brady v.
United States, 390 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L.
Ed. 2d 747, 756 (1970); Holland v. State, 761 S.W.2d 307, 320 (Tex. Crim.
App. 1988).  We determine the voluntariness
of a plea of guilty from the totality of the circumstances viewed in light of
the entire record.  Ducker
v. State, 45 S.W.3d 791, 796 (Tex. App.–Dallas 2001,
no pet.).

Applicable Law

Under article 26.13 of the Texas Code
of Criminal Procedure, the trial court must admonish the defendant of
the applicable range of punishment before accepting his plea of guilty.  Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2004-2005).  Article 26.13 ensures that defendants enter
and trial courts accept only constitutionally valid pleas.  Meyers
v. State, 623 S.W.2d 397, 402 (Tex. Crim. App. 1981).  The trial court's substantial compliance with
article 26.13 establishes a prima facie showing of
a knowing and voluntary plea of guilty.  Tex. Code Crim. Proc. Ann. art.
26.13(c) (Vernon
Supp. 2004-2005); Eatmon
v. State, 768 S.W.2d 310, 312 (Tex. Crim.
App. 1989).  A trial court substantially complies with article 26.13 by admonishing the defendant of the
appropriate range of punishment and sentencing him within the range prescribed
by law.  See Hughes v. State,
833 S.W.2d 137, 139-40 (Tex. Crim.
App. 1992).  Once we determine the trial
court's substantial compliance, the burden then shifts to the appellant to show
that he entered the plea without understanding the consequences of his action
and was thus harmed.  Eatmon, 768 S.W.2d at 312.  However, receiving a
greater punishment than anticipated or not assessing every relevant factor when
deciding to enter a plea of guilty will not render a guilty plea involuntary.  Tovar-Torres v. State, 860 S.W.2d 176, 178 (Tex. App.–Dallas 1993, no pet.).

Application
of Law to Facts








In the instant case, the trial court substantially complied
with article 26.13 by admonishing Appellant of the appropriate
range of punishment.  Also, the trial
court sentenced Appellant within the range prescribed by law.  On appeal, Appellant does not show that he
entered the plea without understanding the consequences of his action or that
he suffered harm.  He merely concludes
that his plea of guilty to the charges was neither freely nor voluntarily made
because he “misunderstood” the range of punishment after he received a sentence in
excess of what he anticipated.  Because
Appellant does not affirmatively show that he was unaware of the consequences
of his plea and that he was misled or harmed by the trial court's admonishment,
he does not rebut the prima facie showing that he knowingly and voluntarily
entered a guilty plea.  Accordingly, we
conclude that the trial court did not err when it accepted Appellant's
pleas.  Appellant's sole issue is
overruled.

 

Disposition

The judgment of the trial court is affirmed.

 

 

 

    DIANE DEVASTO   

     Justice

 

 

Opinion delivered January 26, 2005.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)











 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

 

 

 

 

                                                COURT OF APPEALS

                     TWELFTH COURT OF APPEALS
DISTRICT OF TEXAS

                                                             JUDGMENT

 

                                                            JANUARY
26, 2005

 

                                                       NOS. 12-04-00269-CR

                                                      12-04-00270-CR

 

                                           CHRISTOPHER
LAMONT ADKINSON,

                                                                      Appellant

                                                                            V.

                                                        THE
STATE OF TEXAS,

                                                                      Appellee

 

                                                                                                                                                                                                                                        


                                         Appeal from the 173rd Judicial District Court

                          of Henderson County,
Texas. (Tr.Ct.Nos. A-12,371; A-12,372)

                                                                              

                                                                                                                                                          


 

 

THESE CAUSES came to be heard
on the appellate record and briefs filed herein, and the same being inspected,
it is the opinion of this court that there were no errors in the judgments.

It is therefore ORDERED,
ADJUDGED and DECREED that the judgments of the court below be in all things
affirmed, and that this decision be certified to the court below for
observance.

Diane DeVasto, Justice.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 











[1]
In each of the two cases, Appellant contends
that his guilty plea was not voluntary; therefore, we will consider both cases
in one opinion.





[2]
On June 28, Appellant’s counsel moved to
withdraw, and the motion was granted on July 2.