# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00663-CR

**Kenneth Lee Gest, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 10,853, HONORABLE REVA TOWSLEE CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth Lee Gest was indicted for possession of a controlled substance, methamphetamine, with intent to deliver, in an amount of 200 grams or more but less than 400 grams. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), (e) (West 2003). Gest pled guilty without a plea bargain. The district court accepted Gest's plea and assessed punishment at thirty-five years' confinement. In his sole issue on appeal, Gest contends that his trial counsel rendered ineffective assistance. We will affirm the conviction.

## BACKGROUND

At his sentencing hearing, Gest testified that, on the evening of his arrest, he had agreed to cut some trees on Eula[1] LaFrance's property. According to Gest, LaFrance had agreed to give Gest a ride to her property because Gest did not have a driver's license. Gest stated that he fell asleep while en route and that, while he was asleep, LaFrance instead drove to downtown Bastrop and parked outside a clothing resale shop. Gest awoke to find himself in the car alone and was arrested after police officers found methamphetamine and materials for manufacturing methamphetamine in the trunk of the car.

A grand jury indicted Gest for knowingly possessing a controlled substance with intent to deliver, a first degree felony. Gest pled guilty to the offense. Before accepting his plea, the court admonished Gest that he could "possibly go to jail for not less than five nor more than 99 years or life." The court asked Gest whether he understood everything in the plea documents, had signed them "freely and voluntarily," and was pleading guilty "because you are guilty and for no other reason." The court also inquired whether Gest was satisfied with the representation that his counsel had given him. Gest answered each of these questions in the affirmative.

During the punishment phase of the proceedings, Gest's counsel made the following opening statement:

---

[1] The record of the sentencing hearing shows that Gest also identified this person as "Buelah" La France.

2

> We don't and never have admitted to the idea that he's the owner of this meth lab in the vehicle in which it was found, and that's the testimony that we would present to this court, that this is not [Gest's] responsibility although he has admitted guilt to being present at the time.

Gest testified that he lacked any knowledge of the meth lab in the trunk of LaFrance's vehicle. But upon cross-examination he admitted telling an officer at the scene that he had seen a wooden box in which the lab was discovered and "didn't ask her what was in the box but I had an idea of what it was, I had seen her cook meth before." Gest filed a motion for new trial that was denied by operation of law. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Gest contends that his trial counsel provided ineffective assistance by "allowing" him to enter a guilty plea and then "argu[ing] to the court that Gest was not guilty during the punishment phase" of trial.

### Standard of review

We apply the *Strickland* test to claims of ineffective assistance of counsel under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (U.S. 1985) (*Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). To prevail on such a claim, appellant must show that his counsel's performance was deficient and fell below an objective standard of reasonableness and that his counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 688, 691. Prejudice is shown by proving that the

3

result of the proceeding would have been different but for counsel's deficient performance. *Id*. at 694; *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In this case, Gest must prove that he would not have pled guilty but for his counsel's performance, and find support in the record for this assertion. *See Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999).

**Ineffective assistance of counsel**

Gest does not claim specifically that his counsel's advice rendered his guilty plea either involuntary or unknowing. *See Ex parte Adams*, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986) (attack on guilty plea based on ground of ineffective assistance of counsel requires showing that guilty plea was unknowingly and involuntarily entered); *see also Cole v. State*, No. 03-04-00067-CR, 2004 Tex. App. LEXIS 11218, at *8-9 (Tex. App.—Austin, Dec. 16, 2004, no pet.) (not designated for publication). Before accepting a guilty plea, a court must admonish the defendant of the range of the punishment attached to the offense, and it must appear that the defendant is mentally competent and that the plea is free and voluntary. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)-(b) (West Supp. 2003). By admonishing a defendant in substantial compliance with article 26.13 and assessing a punishment that is within both the actual and stated range of punishment, a court makes a prima facie showing that the defendant's guilty plea is knowing and voluntary. *See Eatmon v.*

4

*State*, 768 S.W.2d 310, 311-12 (Tex. Crim. App. 1989). In this case, the record shows that the court admonished Gest in accordance with article 26.13, which constitutes a prima facie showing that Gest's plea was knowing and voluntary. This presumption is also consistent with Gest's testimony that his plea was knowing and voluntary.

We construe Gest's assertion that his "[t]rial counsel allowed her uneducated client to enter a guilty plea and then argued to the court that he was not guilty during the punishment phase" as claiming that his guilty plea was based upon his counsel's erroneous advice. A guilty plea is not voluntary or knowing when the defendant based it upon the erroneous advice of counsel. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). Gest has not properly briefed this argument because he has not affirmatively demonstrated, from the record, that he would not have pled guilty and would have insisted on proceeding to trial if he had been properly advised. *See Ex parte Moody*, 991 S.W.2d at 858. The fact that Gest denied his guilt during the sentencing phase is not necessarily inconsistent with his making a knowing and voluntary guilty plea. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002) (decision to plead guilty may be influenced by factors that have nothing to do with defendant's guilt). The record does not reflect the advice, if any, that Gest's counsel provided before he entered his guilty plea. The only reference in the record to the conduct of Gest's counsel is Gest's testimony that he was satisfied with the representation his counsel had given to him. Thus, Gest cannot overcome the presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Mallett*, 65 S.W.3d at 63; *Jackson*, 877 S.W.2d at 771; *see also Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App.

1999) (recognizing that, in most instances, the record on direct appeal is underdeveloped and cannot adequately reflect counsel's shortcomings). We overrule Gest's sole issue.

## CONCLUSION

Because Gest has not affirmatively demonstrated that his trial counsel was ineffective, we affirm his conviction.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   July 7, 2006

Do Not Publish