ACCEPTED
12-15-00056-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/22/2015 3:27:34 PM
CATHY LUSK
CLERK

**12-15-00056-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/22/2015 3:27:34 PM
CATHY S. LUSK
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**JOSE ALBERTO AGUILAR**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-1353-14

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

## Attorney for Appellant

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Zach Davis
P.O. Box 2042
Tyler, TX 75702

## Attorney for the State on Appeal

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................... ii

TABLE OF CONTENTS .............................................................................................. iii

INDEX OF AUTHORITIES ......................................................................................... iv

STATEMENT OF THE CASE ...................................................................................... 2

ISSUES PRESENTED ................................................................................................. 2

STATEMENT OF FACTS ........................................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................................ 3

ARGUMENT ............................................................................................................... 4

    **I.    JURISDICTION** ........................................................................... 4

    **II.    WAIVER OF TRIAL BY JURY** ................................................. 5

    **III.    APPELLANT'S PLEA** ............................................................... 6

    **IV.    APPELLANT'S STIPULATION** ............................................... 7

    **V.    PUNISHMENT** ......................................................................... 8

    **VI.    EFFECTIVE ASSISTANCE OF COUNSEL** ............................. 9

CONCLUSION AND PRAYER ................................................................................... 10

CERTIFICATE OF SERVICE ..................................................................................... 10

CERTIFICATE OF COUNSEL ................................................................................... 11

CERTIFICATE OF COMPLIANCE ............................................................................ 11

# INDEX OF AUTHORITIES

## UNITED STATES SUPREME COURT:

*Anders v. California*,
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)....................................3, 10, 11

*Brady v. Alabama*,
  397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970)...................................6

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)................................9

## TEXAS COURT OF CRIMINAL APPEALS:

*Barfield v. State*,
  63 S.W.3d 446 (Tex.Crim.App. 2001) ........................................................7

*Eatmon v. State*,
  768 S.W.2d 310 (Tex.Crim.App. 1989) ......................................................6

*Ex parte Sadberry,*
  864 S.W.2d 541 (Tex.Crim.App. 1993) ......................................................5

*Ganious v. State*,
  436 S.W.2d 137 (Tex.Crim.App. 1969) ......................................................2

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999) ........................................................9

*Johnson v. State*,
  614 S.W.2d 148 (Tex.Crim.App. 1981) ....................................................9-10

*Johnson v. State*,
  72 S.W.3d 346 (Tex.Crim.App. 2002) ........................................................6

*Martinez v. State*,
  981 S.W.2d 195 (Tex.Crim.App. 1998) ......................................................7

**TEXAS COURT OF CRIMINAL APPEALS (CON'T):**

*McKenna v. State,*
  493 S.W.2d 514 (Tex.Crim.App. 1972) ........................................................ 8

*Monreal v. State,*
  99 S.W.3d 615 (Tex.Crim.App. 2003) ......................................................... 4

*Moore v. State,*
  694 S.W.2d 528 (Tex.Crim.App. 1985) ....................................................... 9

*Miniel v. State,*
  831 S.W.2d 310 (Tex.Crim.App. 1992) ....................................................... 9

*Murray v. State,*
  302 S.W.2d 874 (Tex.Crim.App. 2009) ....................................................... 4

*Rhodes v. State,*
  934 S.W.2d 113 (Tex.Crim.App. 1996) ....................................................... 8

*Stafford v. State,*
  813 S.W.2d 503 (Tex.Crim.App. 1991) ..................................................... 10

*Stone v. State,*
  919 S.W.2d 424 (Tex.Crim.App. 1996) ....................................................... 7

*Young v. State,*
  8 S.W.3d 656 (Tex.Crim.App. 2000) ........................................................... 4

**TEXAS COURTS OF APPEAL:**

*Brink v. State,*
  78 S.W.3d 478 (Tex.App.—Houston [14th Dist.] 2001) ............................. 4

*Castaneda v. State,*
  135 S.W.3d 719 (Tex.App.—Dallas 2003) .................................................. 8

*Edwards v. State,*
  921 S.W.2d 477 (Tex.App.—Houston [1st Dist.] 1996) ............................. 7

## TEXAS COURTS OF APPEAL (CON'T):

*Guidry v. State,*
   177 S.W.3d 90 (Tex.App.—Houston [1st Dist.] 2005) ................................. 4

*Kirk v. State,*
   949 S.W.2d 769 (Tex.App.—Dallas 1997) ...................................................... 9

*Lord v. State,*
   63 S.W.3d 87 (Tex.App. – Corpus Christi 2001) ........................................... 6, 8

*Mays v. State,*
   904 S.W.2d 290 (Tex.App.—Fort Worth 1995) ............................................... 4

## STATUTES:

TEX. CODE CRIM. PROC. art. 1.13 ..................................................................... 5

TEX. CODE CRIM. PROC. art. 1.15 ..................................................................... 7

TEX. CODE CRIM. PROC. art. 4.05 ..................................................................... 4

TEX. CODE CRIM. PROC. art. 26.13 ................................................................... 6

TEX. PEN. CODE § 12.32 ................................................................................... 8

TEX. PEN. CODE § 29.03 ................................................................................... 4, 8

TEX. R. APP. P. 25.2 .......................................................................................... 4

TEX. R. APP. P. 33.1 .......................................................................................... 8

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

## JOSE ALBERTO AGUILAR

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-1353-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Jose Aguilar, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Jose Aguilar seeks to appeal his conviction and sentence for the offense of aggravated robbery. (I CR 33). After being indicted for this offense in the 241st District Court of Smith County, Texas, Mr. Aguilar elected to enter a plea of "guilty" before the court without any plea agreement. (I CR 1, 33). After finding him to be guilty and then holding a hearing on sentencing evidence, the trail court sentenced Mr. Aguilar to serve a term of twenty-fiver years' confinement. (I CR 33). Sentence was pronounced on 18 February of this year and notice of appeal then timely filed. (I CR 33, 45).

## ISSUES PRESENTED

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Ganious v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

## STATEMENT OF FACTS

On the first day of September last year Appellant, Mr. Aguilar, entered local gas station and, after presenting a knife to the counter clerk, took money from the cash register. (I CR 1; II RR 23-25). Shortly thereafter he was arrested by law enforcement and confessed not only to the instant offense but to also robbing the same store on a prior occasion. (II RR 41). As a result, Mr. Aguilar was indicted for the offense of aggravated robbery. (I CR 1).

The indictment in this case was returned in October of last year and, in response, Mr. Aguilar entered a plea of "guilty" before the 241st District Court of Smith County, Texas. (I CR 1, 33). The plea was made without the benefit of a plea agreement and a hearing on punishment was held before the court. (I CR 27, 33). After considering the evidence presented, the trial court imposed punishment at a term of twenty-five years' confinement. (I CR 33). Sentence was pronounced on 18 February of this year and notice of appeal then timely filed. (I CR 33, 45).

## SUMMARY OF ARGUMENT

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a

3

professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23, (Tex.App.—Fort Worth 1995, no pet.).

## ARGUMENT

Mr. Aguilar entered a plea of "guilty" to the charged offense. (I CR 33). A valid guilty plea waives a defendant's right to appeal a claim of error when the judgment of guilt was rendered independently of, and is not supported by, the alleged error. *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000), *superseded in part by* TEX. R. APP. PROC. 25.2(b) *as stated in Monreal v. State*, 99 S.W.3d 615 (Tex.Crim.App. 2003). Thus, for a defendant to be successful on appeal he must be able to demonstrate a nexus between the alleged error and the judgment of guilt. *Guidry v. State*, 177 S.W.3d 90, 93 (Tex.App.—Houston [1st Dist.] 2005, no pet.); *Brink v. State*, 78 S.W.3d 478, 484 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd).

### I. JURISDICTION

The offense with which Mr. Aguilar was charged was a felony offense. TEX. PEN. CODE § 29.03(a)(2). Therefore, jurisdiction properly rested with the 241st District Court of Smith County, Texas. *See* TEX. CODE CRIM. PROC. Art. 4.05 (Vernon 2007) (stating that district courts shall have original jurisdiction in felony criminal cases); *Murray v. State*, 302 S.W.2d 874, 877 (Tex.Crim.App. 2009). Additionally, because it alleged all of the essential elements of the offense

4

charged, the indictment returned in this case provided Mr. Aguilar with sufficient notice of the offense she alleged to have committed. (I CR 1). Consequently, no error regarding the trial court's jurisdiction can be advanced.

## II.  WAIVER OF TRIAL BY JURY.

Article 1.13 of the Texas Code of Criminal Procedure provides that a defendant may waive her right to trial by jury if that waiver is made in writing, joined by the State, and approved and accepted by the trial court. TEX. CODE CRIM. PROC. art. 1.13 (Vernon 2007). A waiver meeting all of these statutory requirements was filed in the case currently before the Court. (I CR 27-28).

Prior to accepting this waiver the trial court ensured that the waiver was freely and knowingly made by inquiring into whether Mr. Aguilar understood various rights and options available to him including the right to have the issues of guilt and punishment resolved by a jury, the right to make the State prove its case against him beyond a reasonable doubt, and the right to call and cross-examine witnesses. (I RR 5-17). Additionally, the court ensured that at the time he made the waiver Mr. Aguilar was not under the influence of any controlled substance and had had sufficient time to consult with his attorney. (*Id.*); *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App. 1993). The record created as a result of the trial court's investigation into these issues, coupled with its compliance with Article 1.13, has resulted in appellate counsel's inability to identify any non-

5

frivolous error to be advanced on appeal regarding this issue.  *Johnson v. State*, 72 S.W.3d 346, 349 (Tex.Crim.App. 2002).

### III.  APPELLANT'S PLEA.

Like a waiver of the right to trial by jury, to have been validly made a defendant's plea of "guilty" must be freely, knowingly, and intelligently made. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon 2007); *Brady v. United States*, 397 U.S. 742, 749, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970).  Article 26.13 of the Code of Criminal Procedure defines the steps a trial court must take before accepting a plea in order to ensure that it is, in fact, being voluntarily made.  TEX. CODE CRIM. PROC. ANN. art. 26.13.  If a trial court substantially complies with these steps a *prima facie* case is established that the plea was validly entered. *Eatmon v. State*, 768 S.W.2d 310, 312 (Tex.Crim.App. 1989).  "Substantial compliance exists when the trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm."  *Lord v. State*, 63 S.W.3d 87, 90 (Tex.App.—Corpus Christi 2001, no pet.).

In this instance, the trial court substantially complied with Article 26.13.  As noted, before accepting her pleas the trial court admonished Mr. Aguilar as to the full range of punishment in this case, the right to remain silent, the right to trial by jury, and the consequences of waiving those rights.  (I RR *gen*.).  The court also

6

inquired as to whether Mr. Aguilar had had sufficient time to consult with counsel and whether he was being forced or coerced into entering his plea. (I RR 15-18). At no time did Mr. Aguilar indicate that his plea was anything other than freely and knowingly made. (*Id.*). Additionally, Mr. Aguilar filed a series of written waivers and admonishments that reflected the same topics and responses discussed between he and the court. (I CR 24-30).

Under such circumstances, counsel has been unable to make a non-frivolous argument that the presumption that there was no irregularity in the trial court's acceptance of either plea could be overcome. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *See also Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998).

## IV.  APPELLANT'S STIPULATION

Article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce some evidence showing the guilt of the defendant in support of a guilty plea. TEX. CODE CRIM. PROC. art. 1.15 (Vernon 2007). After being offered and admitted without objection a stipulation of evidence and judicial confession embracing all of the essential elements of the offense and enhancements charged is sufficient to support the plea. *See Barfield v. State*, 63 S.W.3d 446, 450 (Tex.Crim.App. 2001); *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App. 1996).

7

The essential elements of the offense at issue are found in the Section 29.03 of the Texas Penal Code. (I CR 1). In support of his plea to this offense the State offered a signed "Stipulation of Evidence" in which Mr. Aguilar admitted the truth of all of the elements of the offense charged. (I CR 29).

This stipulations constitutes a judicial confession to all of the essential elements of the offense. *McKenna v. State*, 493 S.W.2d 514, 515 (Tex.Crim.App. 1972). A judicial confession provides sufficient evidence to support the judgment. *Lord*, 63 S.W.3d at 92. Therefore, there was legally and factually sufficient evidence to support the trial court's finding of guilt.

## V. PUNISHMENT.

As alleged, the offense of aggravated robber is a first degree felony. TEX. PEN. CODE § 29.03(a)(2); (I CR 1). Thus the applicable punishment was confinement for five years to life. TEX. PEN. CODE § 12.32.

Mr. Aguilar was sentenced to serve a twenty-five year sentence. (I CR 33). At the time that sentence was imposed no objection was raised as would be required in order to preserve any error for purposes of the direct appeal. *See* TEX. R. APP. Proc. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.). However, even if an objection had been raised, a sentence within the statutory punishment range for the offense, as this sentence is, is presumptively not

8

constitutionally cruel and unusual under these circumstances. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd).

Consequently, there exists no non-frivolous error to be advanced on the issue of punishment.

## VI.  <u>EFFECTIVE ASSISTANCE OF COUNSEL.</u>

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88.  On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).  Trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With the *Strickland* standard in mind, counsel has reviewed the record before the court and found no conduct that would rise to the level of rendering trial counsel's assistance ineffective. *See, e.g., Johnson v. State*, 614 S.W.2d 148, 152

(Tex.Crim.App. [Panel Op.] 1981) (holding that, on appeal, courts will not second-guess reasonable trial decisions).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Aguilar the opportunity to review the record and file a *pro se* brief should she desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone:  (903) 595-6070
Facsimile:  (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by e-file concurrently with its filing in the Court.

/s/ Austin Reeve Jackson

10

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.


/s/ Austin Reeve Jackson


## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,236 words.


/s/ Austin Reeve Jackson