**Affirmed; Opinion Filed June 23, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01140-CR
### No. 05-14-01141-CR

**GABRIEL EDUARDO RAMIREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-56566-V and F13-59694-V**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Evans

Gabriel Eduardo Ramirez appeals his convictions for aggravated assault and stalking. In his sole issue, appellant contends that his guilty pleas were involuntary because he was admonished in writing contrary to the proper range of punishment. Appellant seeks a reversal and remand for further proceedings. We affirm.

### I. BACKGROUND

Appellant was indicted for aggravated assault and stalking. At the hearing on July 17, 2014, the trial court advised appellant that the stalking offense was a third degree felony and carried a penalty range of not less than two years and no more than ten years in the penitentiary and an optional fine of $10,000. The trial court also advised appellant that the penalty range for

the aggravated assault case was confinement in the penitentiary for two years and not more than twenty years and an optional fine of $10,000. Further, the trial court informed appellant that he was not entitled to receive regular probation in the aggravated assault case because the indictment alleged that he had used a deadly weapon. The trial court further noted that although appellant was eligible for deferred probation, the plea bargain agreement removed deferred probation as an option. The court then asked if the appellant understood and appellant replied yes. The trial court asked how the appellant pled to each of the indictments and appellant replied guilty.

In the plea agreements dated July 17, 2014, appellant and the State agreed to waive the jury trials and appellant entered a guilty plea for each offense. In the aggravated assault case, the State agreed to a sentence of twenty years in the penitentiary and "TDC Time, Agreement there is no possibility of Deferred or Probation." In the section titled "court's admonishment to defendant" for the aggravated assault case, two boxes were checked: (1) 2nd Degree Felony, 2-20 years confinement and an optional fine not to exceed $10,000 and (2) 3rd Degree Felony, 2-10 years confinement and an optional fine not to exceed $10,000. In the stalking case, the State agreed to a sentence of ten years in the penitentiary and "TDC Time, Agreement there is no possibility of Deferred or Probation." In the section titled "court's admonishment to defendant" for the stalking case, two boxes were checked: (1) 2nd Degree Felony, 2-20 years confinement and an optional fine not to exceed $10,000 and (2) 3rd Degree Felony, 2-10 years confinement and an optional fine not to exceed $10,000. It also appears as if the box for 3rd degree felony was scratched out.

On August 14, 2014, the trial court held a sentencing hearing on both cause numbers and sentenced appellant to twenty years in the aggravated assault case and ten years in the stalking case. In the judgment for the aggravated assault case, the offense is listed as a "2nd degree

–2–

felony" and the punishment is twenty years' imprisonment. In the judgment for the stalking case, the offense is listed as a "3rd degree felony" and the punishment is ten years' imprisonment.

## II. ANALYSIS

In his sole issue on appeal, appellant asserts that his guilty pleas were involuntary because of the variance between the oral admonishments given by the judge and the court's written admonishments set forth in the plea papers. Appellant also argues that he was not properly admonished by the trial court as to the range of punishment as required by the Texas Code of Criminal Procedure. Appellant's arguments encompass both constitutional due process and Texas statutory requirements.

The United States Supreme Court held that a violation of constitutional due process occurs when a trial court accepts a guilty plea without an affirmative showing "spread on the record" that the guilty plea was voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). The Court in *Boykin* did not define what must be "spread on the record" to satisfy due process other than to generally require that a guilty-pleading defendant have a "full understanding" of what his plea connotes and its consequences. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003). Under *Boykin*, no specific admonishments are necessary. *Id.* As long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. *Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). The voluntariness of the plea may be inferred from all the relevant circumstances surrounding it. *See Brady v. U.S.*, 397 U.S. 742, 749 (1970).

In this case, the record shows that appellant's guilty plea was entered voluntarily and with awareness of its consequences and the rights being waived. At the plea hearing on July 17, 2014, the trial court asked if the appellant had gone over each of the indictments with his attorney and whether he understood the allegations. Appellant replied in the affirmative as to

both questions. As stated above, the trial court correctly advised appellant orally as to the penalty ranges for each of the offenses. The court also explained the consequences of the deadly weapon charge and that the minimum sentence he could set would be two years for the aggravated assault offense. The court then asked if the appellant understood and appellant replied yes. The trial court asked if appellant still wanted to proceed with the pleas and appellant responded yes. The trial court asked how the appellant pled to each of the indictments and appellant replied guilty. During the plea hearing, appellant's attorney also confirmed with appellant that by entering the plea, the court was going to sentence him and that the only possible sentence was prison time. In addition, the judicial confessions signed by appellant were entered into evidence at the plea hearing. In these confessions, appellant acknowledged that he was consenting to the stipulation of the evidence and expressly waiving his rights against self-incrimination and the appearance, confrontation, and cross-examination of witnesses. Appellant also waived his right to a trial by jury and elected for the trial judge to assess his punishment in documents titled Waiver of Jury and Defendant's Election as to Punishment. Based on these facts, we conclude the record shows that appellant's plea was voluntary.

Appellant also contends that he did not receive the admonishments required by the Texas Code of Criminal Procedure. We disagree. Article 26.13 of the code of criminal procedure requires that, prior to accepting a guilty plea or a plea of nolo contendere, a trial court must admonish the defendant regarding: (1) the range of punishment for the offense; (2) certain aspects of the law of plea-bargain agreements; (3) the effect a plea-bargain agreement may have on the right to appeal; (4) the effect that a conviction might have on a non-citizen; and (5) the registration requirements for defendants convicted of certain sex offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2014) . This admonition may be made orally or in writing. *Id*. at art. 26.13(d). The failure to admonish is non-constitutional error, however, and subject to a

harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure.  *See Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999).  Under Rule 44.2(b), any error that does not affect a substantial right must be disregarded.  TEX. R. APP. P. 44.2(b).

In this case, the only admonishment of which appellant complains is the range of punishment.  In compliance with article 26.13, the trial court orally explained the range of punishment to appellant prior to the court's acceptance of his guilty plea.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d)(1) ("Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of the range of the punishment attached to the offense.").  Appellant's complaint centers on the fact that the written admonishment in the plea agreement differs from the oral admonishment during the plea hearing.  Appellant's argument that he was confused about the range of punishment, however, lacks merit.  The plea hearing and the execution of the plea agreements occurred on the same date.  The trial court correctly explained the range of punishment for each offense to appellant at the hearing.  Thus, despite the fact that multiple boxes were checked in the range of punishment sections in the plea agreements, appellant was clearly advised as to the correct range of punishment for each offense.

Further, appellant is unable to demonstrate that any harm occurred.  Appellant was correctly sentenced for each offense to term of a confinement within the correct range of punishment.  Texas courts have consistently allowed an admonishment to "substantially comply" with the requirements of Article 26.13.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c) ("In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."); *Robinson v. State*, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987) (punishment admonishment which incorrectly described punishment range as two through ten years' imprisonment rather than two through

twelve years substantially complied with statute where actual sentence assessed on conviction was six years, well within the actual and stated maximum for the offense); *Eatmon v. State*, 768 S.W.2d 310, 311–12 (Tex. Crim. App. 1989) (en banc). The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was harmed. *Id.* Here, appellant has not alleged or proven that he would not have entered guilty pleas for the two offenses had he been correctly admonished in writing. Therefore, appellant has not shown that he was misled or harmed by the written admonishment.

### III. CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141140F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GABRIEL EDUARDO RAMIREZ,
Appellant

Nos. 05-14-01140-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause Nos. F13-56566-V.
Opinion delivered by Justice Evans.
Chief Justice Wright and Justice Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

GABRIEL EDUARDO RAMIREZ,
Appellant

No. 05-14-01141-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-59694-V.
Opinion delivered by Justice Evans.
Chief Justice Wright and Justice Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2015.